2622-CC01022

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

| | | |
|---|---|---|
| LISA PARRIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | PERSONAL INJURY |
| | ) | PRODUCTS LIABILITY |
| BLOCK DRUG COMPANY, INC., individually and as | ) | |
| successor-in-interest to The Gold Bond Sterilizing | ) | JURY TRIAL DEMANDED |
| Powder Company, a/k/a THE GOLD BOND | ) | |
| COMPANY, | ) | |
| CHANEL, INC., | ) | |
| CHATTEM, INC., individually and as successor-in-interest | ) | |
| to The Gold Bond Sterilizing Powder Company, a/k/a | ) | |
| The Gold Bond Company, | ) | |
| COLGATE-PALMOLIVE COMPANY, individually and | ) | |
| as successor-in-interest to The Mennen Company, | ) | |
| CONOPCO INC., | ) | |
| COTY, INC., individually and as successor-in-interest to | ) | |
| CoverGirl Cosmetics, Inc., | ) | |
| GENUINE PARTS COMPANY d/b/a NATIONAL | ) | |
| AUTOMOTIVE PARTS ASSOCIATION, aka NAPA, | ) | |
| J.P. BUSHNELL PACKING SUPPLY COMPANY, | ) | |
| L' ORÉAL USA INC., individually and d/b/a Maybelline, | ) | |
| and as successor-in-interest to Lancôme, | ) | |
| L' ORÉAL USA PRODUCTS, INC., individually and d/b/a | ) | |
| Maybelline, and as successor-in-interest to Lancôme, | ) | |
| MERCK & CO., INC., | ) | |
| PFIZER, INC., individually and as successor-in-interest to | ) | |
| Coty, Inc., and Coty International, Inc., | ) | |
| PTI UNION LLC, | ) | |
| VI-JON LLC, | ) | |
| | | |
| Defendants. | | |

1

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

## PETITION

### Jurisdiction, Venue, and General Allegations

COME NOW the Plaintiff, LISA PARRIOTT, by and through her attorneys, CROMPTON PANCOAST LLC and THE FERRARO LAW FIRM, P.A., and for their cause of action against Defendants, states as follows:

1. Plaintiff, LISA PARRIOTT, was exposed to various asbestos-containing talc products which Plaintiff personally used, in various locations throughout the United States from 1970 through 2025.

2. Throughout the course of Plaintiff's lifetime and at the locations mentioned above, the Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers emanating from certain products, including but not limited to, talcum powder, foot powders, body powders, and make-up powders, which were manufactured, sold, and/or distributed by the Defendants and each of them.

3. Plaintiff was also exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers during non-occupational use, but not limited to, personal and bystander use and application of talc powder products and/or in other ways from 1970 to 2025.

4. Beginning in 1970, Plaintiff was first exposed to asbestos-containing products throughout the course of her life, in her environment, home, and family members' homes, at the residences she's lived at. The Plaintiff, Lisa Parriott, was exposed to, inhaled, or otherwise absorbed, large amounts of asbestos fibers emanating from certain products, manufactured, sold, and/or distributed by the Defendants listed below. Plaintiff was not diagnosed with malignant mesothelioma until on or about April 23, 2021. At the time Plaintiff was first exposed asbestos-containing products, and at the time Plaintiff was diagnosed with

2

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

mesothelioma, Defendant, J.P. BUSHNELL PACKING SUPPLY CO, maintained a Registered Agent for service of process in the City of St. Louis, Missouri.

5. That on or about April 23, 2021, Plaintiff first became aware that she had developed mesothelioma. However, the Plaintiff later learned that this disease was wrongfully caused.

6. The below-mentioned Defendants are jointly and severally liable in that they contributed to the Plaintiffs injuries:

Defendant, **BLOCK DRUG COMPANY, INC. INDIVIDUALLY AND AS SUCCESSOR TO THE GOLD BOND STERILIZING POWDER CO. A/K/A THE GOLD BOND CO.**, is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at Corporation Service Company, located at 221 Bolivar St., Jefferson City, MO 65101.

Defendant, **CHANEL, INC.,** is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at C T Corporation, 5661 Telegraph Rd., Ste 4B, Saint Louis, MO 63129.

Defendant, **CHATTEM, INC.,** individually and as succor-in-interest to The Gold Bond Sterilizing Powder Company, a/k/a, The Gold Bond Company is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

Defendant, **COLGATE-PALMOLIVE COMPANY,** Individually and as successor-in-interest to The Mennen Company, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at C T Corporation System, 5661 Telegraph Rd., Ste 4B, Saint Louis, MO 63129.

Defendant, **CONOPCO, INC.,** is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at C T Corporation System, 5661 Telegraph Rd., Ste 4B, Saint Louis, MO 63129.

Defendant, **COTY, INC.,** individually and as successor-in-interest to CoverGirl Cosmetics is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at Corporations Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

Defendant, **GENUINE PARTS COMPANY, d/b/a NATIONAL AUTOMOTIVE PARTS ASSOCIATION, a/k/a NAPA**, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL, 60604.

Defendant, **J.P. BUSHNELL PACKING SUPPLY CO.,** is a Missouri corporation doing business in the State of Missouri; said corporation may be served through its registered agent Kathleen Sullivan, 801 Cass Avenue, St. Louis, Missouri 63106.

Defendant, **L' OREAL USA INC.,** individually and d/b/a as Maybelline and as successor-in-interest to Lancôme, is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808

Defendant, **L' OREAL USA PRODUCTS INC.,** individually and d/b/a as Maybelline and as successor-in-interest to Lancôme, is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808

Defendant, **MERCK & CO., INC.,** is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at C T Corporation System, 5661 Telegraph Rd., Ste 4B, Saint Louis, MO 63129.

Defendant, **PFIZER, INC.,** individually and as successor-in-interest to Coty, Inc. and Coty International, Inc. is a corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at C T Corporation System, 5661 Telegraph Rd., Ste 4B, Saint Louis, MO 63129.

Defendant, **PTI UNION LLC,** is a Missouri corporation doing business in the State of Missouri; said corporation may be served through its registered agent located its registered agent, Thomas L. Benson III, 12412 Powerscourt Dr., Suite 200, Saint Louis, MO 63131-3635.

Defendant, **VI-JON LLC,** is a Missouri corporation doing business in the State of Missouri; said corporation may be served through its registered agent located at Secretary of State, 600 West Main, Jefferson City, MO 65101.

4

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

7. The above Defendants and each of them, at all relevant times directly, and/or indirectly by exercising control over others doing so, mined, milled, manufactured, processed, sold, distributed, marketed, specified, designed, promoted, licensed and/or otherwise used asbestos and asbestos-containing materials, products, and talcum powder products, including but not limited to mining, milling, manufacturing, processing, assembling, selling, distributing, marketing, designing, promoting, licensing, leasing and supplying for business purposes, applying, installing, maintaining and otherwise using talc powder products, ingredients, chattels, instrumentalities, procedures, and/or technologies which included, specified, recommended, and/or required asbestos-containing materials / products as ingredients and sub-components, parts, components and/or appurtenances.

8. Said Defendants and each of them also specified, manufactured, sold, distributed, marketed, promoted, and otherwise provided asbestos containing materials, components, talcum powders component ingredients, in and with the aforesaid talcum powder products.

9. General jurisdiction is proper because Defendants and each of them are registered to do business in Missouri, maintain a sufficient physical presence in Missouri, and have systematically conducted and continue to conduct operations in Missouri of a quantity and quality relative to the overall business of each of them that Defendants and each of them are deemed "at home" in Missouri.

10. Specific jurisdiction is proper because, as to Defendants and each of them, a portion of the acts, omissions and events leading to and giving rise to Plaintiff's exposure to each Defendant's asbestos-containing materials / products occurred in and/or through Missouri including, but not limited to: the manufacture, fabrication, assembly and/or production of asbestos-containing materials / products or components thereof to which Plaintiff was

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

exposed; the purchase, acquisition, distribution, delivery, sale and/or resale of asbestos-containing materials /products or components thereof to which Plaintiff was exposed; the development, design, testing and/or test marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; the conducting of health / hygiene studies, surveys, tests relating to the health effects and hazards of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed; and/or decision-making regarding the production and marketing of asbestos-containing materials / products or the components thereof of the type to which Plaintiff was exposed.

11. Defendants and each of them sought to sell, market and distribute asbestos-containing materials nationwide including in Missouri. Defendants and each of them purposefully availed themselves of the privilege of conducting business in the State of Missouri and invoked the rights and protections of Missouri law: by delivering into Missouri asbestos-containing materials, to which Plaintiff was exposed in Missouri; and/or by placing into the stream of commerce asbestos-containing materials, to which Plaintiff was exposed in Missouri, with notice, awareness and/or knowledge that said materials would be sold, distributed and delivered into Missouri. Said asbestos-containing materials were part of a regular and substantial flow of goods into Missouri through established channels in the stream of commerce and were not isolated, random or fortuitous sales. Defendants and each of them further availed themselves of the privilege of conducting business in the State of Missouri and invoked the rights and protections of Missouri law, at the time of Plaintiff's exposures, by advertising, soliciting business, and engaging in other activities in or directed to Missouri with the purpose of serving markets in Missouri.

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

12. Plaintiff's exposure to the materials, products, activities and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Plaintiff's entire career or life as to any particular Defendant.

13. Each and every Defendant is amenable to suit in the State of Missouri by reason of presently doing business in Missouri and/or because all or part of its tortious acts against Plaintiff occurred in and/or were directed at Missouri.

14. Plaintiff's exposure to said asbestos was foreseeable and could or should have been anticipated by all Defendants and each of them.

15. Defendants and each of them knew or should have known that asbestos is toxic, poisonous and has a deleterious effect on the health of persons exposed thereto; and, that exposure to asbestos posed an unreasonable risk of harm to Plaintiff and others similarly situated. Defendants and each of them possessed specific and superior knowledge concerning the hazards of asbestos including, but not limited to, that persons exposed to asbestos would inevitably be harmed in some manner.

16. Plaintiff did not know and had no reasonable way to know or realize the risks of being exposed to asbestos and/or the various ways and places in which asbestos was being used by Defendants and each of them. Defendants and each of them should have anticipated that Plaintiff did not know and would not discover or realize the same.

17. During times relevant hereto, adequate substitutes for asbestos and for asbestos-containing materials / products, parts and components were available, and Defendants and each of them knew or should have known of said availability. At all times relevant hereto, Defendants and each of them had feasible means by which to convey warnings, hazard communications and other necessary health-related information to those using and/or

7

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

working with and/or around the above-described materials, products, conditions and activities.

18. As a direct and proximate result of the above-described cumulative exposure to asbestos, Plaintiff Lisa Parriott contracted and suffers from asbestos-related diseases, including but not limited to mesothelioma. Plaintiff first became aware that of said disease(s) on or about April 23, 2021, and subsequently became aware that the same was wrongfully caused.

19. As a direct and proximate result thereof: Plaintiff Lisa Parriott has been disabled, disfigured and impaired in the enjoyment of recreational/life activities; Plaintiff has incurred and will incur in the future necessary expenses for hospital, medical and other health care services; Plaintiff has incurred and will incur in the future necessary expenses for household labor and tasks that Plaintiff can no longer perform; Plaintiff has and will in the future experience physical pain and mental and emotional suffering; Plaintiff has been and will be hindered from pursuing employment, resulting in the loss of past and future income, wages, benefits and pension rights.

### Count I – Negligence
### (Materials / Products)

20. Plaintiff herein incorporates by reference the General Allegations of this Petition.

21. At all material times, Defendants sold various asbestos containing products, including cosmetic talc products.

22. At all material times, Defendants mined, milled, or manufactured the asbestos-containing talcum powders, cosmetic talc products, and other asbestos containing products that Plaintiff purchased or was exposed to.

8

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

23. At all material times, Defendants sold, supplied, distributed, and/or manufactured the asbestos-containing talcum powders, cosmetic talc products, and other asbestos containing products that Plaintiff purchased or was exposed to.

24. Plaintiff, or her family members, regularly purchased talcum powders, cosmetic talc products, and other asbestos containing products sold by Defendants.  During this time, Plaintiff regularly used, consumed and/or applied such products.

25. At all material times, Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff or others similarly situated would purchase, use and be exposed to asbestos from Defendants' asbestos-containing talcum powders and cosmetic talc products, as well as other asbestos containing products by inhaling asbestos fibers emitted or released from the same.

26. While using, consuming, and applying asbestos-containing talcum powders, cosmetic talc products, and other products, Plaintiff inhaled asbestos fibers contained within and emitted from such products, causing Plaintiff to eventually develop mesothelioma.  Each exposure was harmful and substantially contributed to causing Plaintiff's mesothelioma.

27. At all material times, Defendants knew or should have known that Defendants' cosmetic products made with talc contained asbestos and other non-cosmetic products contained asbestos.

28. At all material times, Defendants knew or should have known that exposure to asbestos can cause serious injuries including, but not limited to, mesothelioma.

29. At all material times, Defendants knew or should have known that Plaintiff's use of asbestos-containing talcum powders, cosmetic talc products, and other products was harmful and could cause serious injuries including, but not limited to, mesothelioma.

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

30. At all material times, Defendants knew or should have known, that Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products would be used by and around Plaintiff, or those similarly situated, without inspection for defects and furthermore, that Plaintiff's inspection of such products would not have revealed the asbestos fibers or underlying danger contained in such products; or that exposure to the same could cause severe injury and death. These facts, known to or readily ascertainable by Defendants, made such products inherently and unreasonably dangerous.

31. At all material times, Defendants owed a duty to Plaintiff to (a) adequately warn Plaintiff of the dangerous characteristics of Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products; (b) adequately warn Plaintiff that she could develop fatal injuries including, but not limited to, mesothelioma, as a result of being exposed to asbestos emitted from Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products; (c) place adequate warnings on or in the containers of Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products warning of the dangers to one's health of coming in contact with asbestos and of the gravity of the risk and extent of danger that Plaintiff was exposing herself to by using such products; and (d) use reasonable care in manufacturing, selling, and/or distributing Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products according to Defendants' specifications requiring that Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products be asbestos free.

32. At all material times, Defendants were negligent, failed to exercise reasonable care and breached their duties to Plaintiff by failing to (a) adequately warn Plaintiff of the dangerous characteristics of Defendants' asbestos- talcum powders, cosmetic talc products, and other

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

products; (b) adequately warn Plaintiff that she could develop fatal injuries including, but not limited to, mesothelioma, as a result of being exposed to Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products; (c) place adequate warnings on or in the containers of Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products warning of the dangers to one's health of coming in contact with asbestos and of the gravity of the risk and extent of danger that Plaintiff was exposing herself to by using such products; and (d) manufacture, sell, and/or distribute Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products according to Defendants' specifications requiring that such products be asbestos free.

33. As a result of Defendants' negligence and failure to exercise reasonable care, Plaintiff sustained extensive exposure to asbestos from Defendants' asbestos-containing talcum powders, cosmetic talc products, and other products, causing Plaintiff to develop mesothelioma and suffer from the same.

34. Defendants' negligence and failure to exercise reasonable care is a proximate cause of the harm to Plaintiff and Plaintiff's mesothelioma.

35. Due to her mesothelioma, Plaintiff has required medical treatment, which has greatly inconvenienced in her ability to lead and enjoy a normal life, permanently impairing her. As a result of her condition, Plaintiff has suffered extreme pain, mental anguish, depression, and other mental disorders; incurred medical expenses for treatment of physical and mental injuries; and suffered physical handicap. Said injuries are permanent and continuing in nature, causing Plaintiff to continually suffer.

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

36. The aforementioned injuries and disabilities of Plaintiff are the direct and proximate cause of the negligence of the Defendants or their predecessors-in-interest or subsidiaries, in that Defendants sold, supplied, distributed or otherwise placed into the stream of intrastate and interstate commerce products which Defendants knew or, in the exercise of ordinary and reasonable care, should have known were deleterious and highly harmful to Plaintiff's health and well-being, and yet did nothing to advise Plaintiff of this information.

WHEREFORE, Plaintiff prays judgment be entered against Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including costs and any other such relief as the Court deems just and equitable in the above-captioned case.

### Count II – Strict Liability
### (Materials / Products)

37. Plaintiff herein incorporates by reference the General Allegations of this Petition.

38. Said materials / products were in a defective and unreasonable dangerous condition at the time they left the control of the Defendants and each of them in that: (a). they contained incorporated asbestos, a hazardous / carcinogenic substance, in a manner that said asbestos would be liberated and inhaled by end-users.; (b) they were designed and intend to be used with materials and products that contained and incorporated asbestos, a hazardous / carcinogenic substance, such that the regular, expected, and intended use of Defendant's materials / products would cause asbestos to be liberated and inhaled by end-users; (c) they were not accompanied by any warnings or instructions regarding the asbestos hazards associated with the regular, expected and intended use of said materials / products and/or any such warning or instructions were not adequate.

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

39. Said products reached Plaintiff in substantially the same condition as when manufactured, distributed and sold.

40. At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants and each of them.

41. As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, Plaintiff was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff; Plaintiff has in the past, and will in the future, be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-related diseases and conditions, including the medical monitoring of her asbestos-related disease and conditions; Plaintiff has in the past and will in the future experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of her asbestos-related diseases and condition, Plaintiff has in the past and will in the future be hindered and prevented from pursuing her normal course of employment, thereby losing large sums of money which otherwise would have accrued to her.

WHEREFORE, Plaintiff prays judgment be entered against Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including costs and any other such relief as the Court deems just and equitable in the above-captioned case.

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

## Count III – Willful / Wanton Misconduct
### (Materials / Products)

42. Plaintiff Lisa Parriott herein incorporates by reference the General Allegations of this Petition.

43. Defendants and each of them are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct: (a) Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Plaintiff, using said products, would inhale, ingest or otherwise absorb great amounts of that asbestos; (b) Intentionally or with a reckless disregard for the safety of Plaintiff included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them; (c) Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes were available; (d) Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons using and/or around others using the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers in them; (e) Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods using said products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them; (f) Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or distributed by the Defendants in order to determine the hazards to users such as the Plaintiff, might be exposed while using and/or

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

around others using the products; and (g) Failed to recall asbestos-containing products; which it had manufactured, sold, distributed and delivered.

44. As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants and each of them, Plaintiff was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Plaintiff to develop the asbestos-related diseases aforesaid, which has disabled and disfigured Plaintiff; Plaintiff has in the past and will in the future be compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of her asbestos-related disease and conditions, including the medical monitoring of her asbestos-related diseases and conditions; Plaintiff has in the past and will in the future experience great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of her asbestos-related disease and conditions, Plaintiff has in the past and will in the future be hindered and prevented from pursuing her normal course of employment, thereby losing large sums of money which otherwise would have accrued to her.

WHEREFORE, Plaintiff prays judgment be entered against Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, including costs and any other such relief as the Court deems just and equitable in the above-captioned case.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS

Electronically Filed - City of St. Louis - April 21, 2026 - 02:10 PM

Respectfully Submitted,


CROMPTON PANCOAST, LLC

/s/ R. Seth Crompton
R. Seth Crompton, Sr., #57448
13 W. Moody Avenue
St. Louis, Missouri 63119
(314) 916-5599
Facsimile: (314) 228-2129
scrompton@cromptonpancoast.com

Kevin W. Paul, Esq.
(MD CPF # 01112150010)
*Pro Hac Anticipated*
The Ferraro Law Firm, P.A.
600 Brickell Ave, Suite 3800
Miami, FL 33131
Tel: 305-376-0111
kpaul@ferrarolaw.com