**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

LISA PARRIOTT,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Case No. 4:26-cv-00609-RHH
                                        )
BLOCK DRUG COMPANY, INC., et al.,       )
                                        )
            Defendants.                 )
                                        )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff and Defendant PTI Union, LLC's Consent Motion for Remand.[1] (ECF No. 7.)

Plaintiff Lisa Parriott brought this action for negligence, strict liability, and willful/wanton misconduct stemming from Plaintiff's exposure to various asbestos-containing talc products that were manufactured, sold, and/or distributed by the fourteen named Defendants. On April 21, 2026, Plaintiff filed her Petition in the Circuit Court of the City of St. Louis, Missouri. (ECF No. 6.) On April 24, 2026, Defendant PTI Union, LLC removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, asserting there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000. (ECF No. 1.) The Notice of Removal asserts that at the time of removal, no forum defendant had been properly joined and served. (*Id.* ¶ 26.) The Notice of Removal further stated that no defendant had been served at all, such that no consent to the removal by a joined and served defendant was required. (*Id.* ¶ 32.)

The present Consent Motion for Remand states that Defendant PTI Union, LLC "has since learned of service of multiple registered agents on Friday prior to filing the Notice of Removal,

---

[1] No other defendant has entered an appearance before this Court.

1

eliminating the basis for removal." (ECF No. 7.) Therefore, Plaintiff and Defendant PTI Union, LLC agree that remand to state court is appropriate, will promote judicial economy, and will avoid unnecessary motion practice. No party seeks costs or attorneys' fees in connection with remand.

This Court, upon reviewing the Consent Motion for Remand, finds that remand is appropriate. As relevant here, there are two requirements that must be satisfied at the time of removal of a case based on diversity of citizenship. First, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) ("Where there are multiple defendants, all must join in a petition to remove within thirty days of service."). Second, even if all defendants join or consent to removal, removal is nonetheless improper if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, where the removing defendant did not obtain joinder or consent from all defendants who had been properly joined and served prior to removal, and a forum defendant already had been served at the time of removal, removal was improper.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff and Defendant PTI Union, LLC's Consent Motion to Remand is **GRANTED**. (ECF No. 7.)

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri from which it was removed.

Dated this 5th day of May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

2